UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CANDICE MILLS,

        Plaintiff,

  v.

UNITRIN AUTO AND HOME
INSURANCE COMPANY, aka
KEMPER PREFERRED,

        Defendant.

C18-831 TSZ

ORDER

THIS MATTER comes before the Court on defendant's motion for partial summary judgment, docket no. 10. Having reviewed all papers filed in support of the motion, to which no response was filed, the Court enters the following order.

**Discussion**

Plaintiff Candice Mills was injured when, while riding in the front passenger seat of her vehicle, she was the victim of a "hit and run." *See* Compl. at § V (docket no. 1-1). Plaintiff made a claim for underinsured motorist ("UIM") coverage under an automobile insurance policy issued by defendant Unitrin Auto and Home Insurance Company, doing business as Kemper Preferred ("Kemper"). *Id.* at §§ IV & VII. Plaintiff requested, but Kemper did not agree to, arbitration of this matter, and plaintiff seeks in this action the

ORDER - 1

UIM benefits due under the policy at issue. See id. at §§ VII & VIII. Kemper moves for partial summary judgment dismissing any claims that are premised on Kemper's refusal to arbitrate.

The policy at issue indicates that, if Kemper and an insured do not agree regarding the insured's entitlement to damages or the amount of damages recoverable from the owner or operator of an uninsured motor vehicle, then their dispute may be arbitrated, but "[b]oth parties must agree to arbitration." Ex. 1 to Eversole Decl. (docket no. 11-1 at 4). Kemper asserts that, because it was not contractually bound to arbitrate whether plaintiff could recover from the "hit and run" driver and, if so, how much, Kemper's refusal to arbitrate cannot form the basis of any claim. Plaintiff, however, has not pleaded any extra-contractual claims, for example, insurance bad faith, violation of Washington's Insurance Fair Conduct Act ("IFCA") or Consumer Protection Act ("CPA"), and/or intentional or negligent infliction of emotional distress, see Compl. (docket no. 1-1), and Kemper's motion appears to be unnecessary.

In the Complaint, plaintiff referenced Kemper's refusal to arbitrate as follows:

> CANDICE MILLS, through her attorney, requested arbitration of this matter pursuant to the terms and conditions of her policy of insurance with the defendant. Defendant declined to submit this case to arbitration. Defendant insurer refused arbitration. Plaintiff/claimant was forced to file a lawsuit against defendant to obtain her insurance coverage that she paid premiums for. Plaintiff/claimant seeks and [sic] award of past and future economic damages and noneconomic damages; and attorney's fees and costs.

Id. at § VII. The Court reads this language as invoking a right to reasonable attorney fees pursuant to Olympic S.S. Co. v. Centennial Ins. Co., 117 Wn.2d 37, 811 P.2d 673 (1991), which holds that "[a]n insured who is compelled to assume the burden of legal action to

obtain the benefit of its insurance contract is entitled to attorney fees." *Id.* at 54. To the extent that Kemper's motion for partial summary judgment is aimed at extinguishing plaintiff's ability to recoup attorney fees and costs if she prevails, Kemper's motion is denied. With regard to extra-contractual claims, however, Kemper's motion is granted, and plaintiff may not pursue any insurance bad faith, IFCA, CPA, emotional distress, or similar claim on the theory that Kemper's refusal to arbitrate constituted a violation of its duties as an insurer.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1) Defendant's motion for partial summary judgment, docket no. 10, is GRANTED in part and DENIED in part as set forth in this Order.

(2) The Clerk is directed to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated this 13th day of November, 2018.

_____
Thomas S. Zilly
United States District Judge